Richard L. KLINGMAN, Plaintiff-Respondent,

v.

Harold L. KRUSCHKE and American Materials Corporation, a domestic corporation, Defendants-Appellants.

Court of Appeals

*No. 82–1699. Submitted on briefs May 9, 1983.—
Decided September 13, 1983.*
(Also reported in 339 N.W.2d 603.)

For the appellants the cause was submitted on the briefs of *Thomas M. Fitzpatrick* and *Moen, Sheehan, Meyer, Henke & Fitzpatrick, Ltd.*, of La Crosse.

For the respondent the cause was submitted on the brief of *B.J. Hammarback* and *Hammarback Law Office* of Spring Valley.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  Harold Kruschke and American Materials Corporation appeal from a judgment awarding damages to Richard Klingman for injuries resulting from a motor vehicle accident.  Appellants challenge only the portion of the judgment awarding compensation for loss of future earning capacity.  They contend that (1) a chiropractor's testimony relating the self-serving statements Klingman made to him was inadmissible; (2) other testimony of the chiropractor and of a vocational rehabilitation expert was inadmissible; and (3) there was insufficient evidence to permit a finding that Klingman suffered a loss of earning capacity.  Because we conclude that the testimony of the chiropractor and the vocational expert was admissible and that the evidence was sufficient to permit a finding of lost earning capacity, we affirm the judgment.

Klingman was injured in a motor vehicle accident with Kruschke in March of 1980. After receiving medical treatment from Dr. Folkestead, Klingman returned to work in May of 1980, performing his former job of driving a truck. Klingman saw chiropractor David Toftness once in 1982, before the trial. He also had one meeting with vocational rehabilitation counselor Lawrence Hollingsworth before the trial.

Appellants challenge the trial court's admission of the expert testimony of Toftness and Hollingsworth. Admission of these experts' testimony is governed by secs. 908.03(4) and 907.03, Stats. This court will reach its own independent conclusions in determining the scope of these statutes. *See Engineers and Scientists of Milwaukee, Inc. v. City of Milwaukee,* 38 Wis. 2d 550, 553–54, 157 N.W.2d 572, 574 (1968).

Toftness could testify to the self-serving statements Klingman made to him during his examination of Klingman. Section 908.03(4), Stats., provides in part:

The following are not excluded by the hearsay rule
. . . .

. . . .
(4) Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

This statute goes beyond prior case law and permits a chiropractor, consulted only for purposes of testimony, to relate the patient's self-serving statements when those statements are used to form a medical opinion. *See* Judicial Council Committee's Note 1974 [sec. 908.03(4), Stats.], *reprinted in* Wis. Stat. Ann. § 40L at 467 (West 1975) ; *see also O'Gee v. Dobbs Houses, Inc.,* 570 F.2d

1084, 1089 (2d Cir. 1978). Klingman visited Toftness, who took his medical history and examined him. Toftness' testimony was therefore properly admitted.

■

Toftness' opinions concerning the cause and permanence of Klingman's injuries and his recommended restrictions on Klingman's work were also properly admitted. Expert opinions can be based on facts made known to the expert before the trial. Section 907.03, Stats. If the facts are of a type reasonably relied upon by the expert in forming opinions, the facts need not be admissible in evidence. *Id.* The expert's opinion can address the ultimate issues of the case. Section 907.04, Stats. Where the premises leading to the expert's conclusion are attacked as inadequate, it is the duty of opposing counsel to draw out the data that led to the expert's opinion. *Rabata v. Dohner,* 45 Wis. 2d 111, 135, 172 N.W.2d 409, 421 (1969).

Toftness based his opinions on his examination of Klingman and on statements Klingman made during the examination. Data obtained from examinations and a patient's history is reasonably relied upon by chiropractors to form opinions and make diagnoses. The jury knew that Toftness' opinions were based only on his examination of Klingman seven months before trial. Appellants cross-examined Toftness on the data he used to arrive at his opinions, and the jury was allowed to weigh his credibility.

■

There was a proper foundation for Toftness' opinions. Klingman told him that his neck stiffness began after the accident. Toftness diagnosed an injury to the cervical spine and associated nerve damage and recommended limitations on Klingman's work related to those injuries. Klingman's statement about neck stiffness provided the

foundation for Toftness' conclusion that the accident caused the injuries.

Hollingsworth's opinions were also properly admitted. They were based on his interview with and testing of Klingman and on his review of the medical reports of Dr. Folkestead and chiropractor Toftness. He testified that these are the types of data reasonably relied upon by vocational rehabilitation experts to evaluate occupational disabilities. This provided a sufficient basis for Hollingsworth's opinions. *See* sec. 907.03, Stats. Again, appellants' counsel cross-examined Hollingsworth on his assumptions, and the jury was allowed to weigh his credibility.

Finally, the evidence was sufficient to support a finding of loss of future earning capacity. If there is any credible evidence that under any reasonable view supports a jury finding, this court must uphold the finding. *Krause v. Milwaukee Mutual Insurance Co.*, 44 Wis. 2d 590, 602, 172 N.W.2d 181, 187 (1969). Although Klingman had no actual loss of wages, that does not mean there has been no impairment of his earning capacity. *See id.* at 615, 172 N.W.2d at 193. Earning capacity involves the potential to earn at any job the person might obtain. Because this is a difficult fact to establish, juries are precluded from considering this issue only when there is no evidence showing a loss of earning capacity. *Id.* at 616, 172 N.W.2d at 194.

The amount of proof required to sustain a finding of loss of earning capacity is less than that required on other damage issues. *Id.* The jury here had Toftness' testimony that Klingman had permanent injuries that limited his head rotation, his lifting ability, and the number of hours per day he could drive. This evidence was sufficient to support the jury's finding of a loss of earning capacity.

*By the Court.*—Judgment affirmed.